IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01442-BNB

JERRY LOUIS HUGHES,

    Applicant,

v.

JOHN OLIVER, Warden, USP Florence,

    Respondent.

## ORDER OF DISMISSAL

The matter is before the Court on Applicant Jerry Louis Hughes's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed May 21, 2014. For the reasons stated below, the action will be dismissed.

Applicant is a federal prisoner who is housed in the State of Colorado. Applicant originally pled guilty to one count of conspiracy in violation of 18 U.S.C. § 371, one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and was sentenced to 135 months of incarceration on October 4, 2004. Application, ECF No. 1, Ex. A at 45. The government appealed Applicant's sentence, the case was remanded, and Applicant was resentenced on February 7, 2006, to 346 months pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *Id.* at 48.

A § 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (internal quotation marks omitted). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, 2008 WL 2955856, at * 7 (D. Colo. July 30, 2008) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (internal quotations omitted). "A[n] [application] under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity. . . ." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). Applicant asserts that exhaustion is futile in this case because the issue is predetermined. Application at 7-8.

The Court, however, under 28 U.S.C. § 2254(b)(2), may proceed to decide the merits of Applicant's claims even if the claims are unexhausted. *See United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008) (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding to allow a denial on the merits even if a claim is unexhausted). The Court, therefore, elects to proceed to address the merits and dismiss the action for the reasons stated below.

The Court must construe liberally the Application filed by Applicant because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Applicant asserts that over the next six years he attended approximately twelve Unit team Meetings during which he consistently was informed that his release date remained in 2012. Application at 9-10. Applicant concedes that he was aware of the additional period of incarceration imposed at his resentencing but "believed that the relief he sought in his petition for habeas corpus had been granted." *Id.* at 10. Applicant further asserts that he was released on May 14, 2012, but on May 29, 2013, when he appeared at a probation violations hearing he was told that he had been mistakenly released from prison and was immediately remanded to custody. *Id.* at 11.

Applicant relies on *Johnson v. Williford*, 682 F.2d 868 (9th Cir. 1982), a case he claims has a factual situation similar to his, for the basis of his due process rights. Applicant further claims equitable estoppel for the prison's misconduct.

The Court, however, finds that Applicant's due process and equitable estoppel claims are foreclosed by *White v. Pearlman*, 42 F.2d 788 (10th Cir. 1930). In *Pearlman*, the court found the government may recommit a released prisoner who was dismissed by mistake, where his sentence would not have expired if he had remained in confinement. *Id.* at 789. Applicant was resentenced to 346 months of incarceration, the equivalent of at least twenty-eight years. He was released after serving six months, found to have been released by mistake after a year of release, and then reincarcerated. The remainder of Applicant's sentence would not have expired during

3

the year he was released. The BOP's decision to recommit him was not a violation of Applicant's due process rights.

Applicant may state a plausible equitable estoppel claim if he challenges the denial of credit for the time he was mistakenly released. *See Hunter v. McDonald*, 159 F.2d 861, 862 (10th Cir. 1947). Nonetheless, Applicant does not request credit for the time he was mistakenly released, he requests only that he be released immediately. Based on *Pearlman*, he is precluded from being granted his request. The Court, therefore, will dismiss this action on the merits.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed with prejudice on the merits. It is

FURTHER ORDERED that Applicant is denied leave to proceed *in forma pauperis* on appeal.

DATED at Denver, Colorado, this  2nd   day of    July    , 2014.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court